J-S36027-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| THOR D. PERRY | : | |
| | : | |
| Appellant | : | No. 145 WDA 2020 |

Appeal from the PCRA Order Entered December 24, 2019
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000562-2017,
CP-25-CR-0000783-2017

BEFORE: OLSON, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    FILED SEPTEMBER 15, 2020

Appellant, Thor D. Perry, appeals from the order entered in the Erie County Court of Common Pleas, which denied his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

The relevant facts and procedural history of this case are as follows. In 2017, the Commonwealth charged Appellant at docket No. CP-25-CR-000562-2017 ("docket 562-2017") with rape, aggravated assault, sexual assault, terroristic threats, and related offenses. The charges stem from Appellant's attack on his then-girlfriend ("Victim") after Appellant discovered that Victim had been cheating on him. Subsequently, the Commonwealth charged

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

Appellant at docket No. CP-25-CR-000783-2017 ("docket 783-2017") with burglary, flight to avoid apprehension, and intimidation of a victim or witness, in connection with Appellant's attempt to persuade Victim to drop the charges against him. Appellant retained private counsel to defend against the charges.

On December 4, 2017, counsel filed a motion to withdraw at Appellant's request, stating the attorney/client relationship had deteriorated to the point where counsel could no longer represent Appellant adequately. Following a hearing on December 8, 2017, the court granted counsel's motion to withdraw and permitted Appellant to retain new private counsel, apply for appointed counsel, or represent himself. Although Appellant attempted to retain new private counsel, he was unsuccessful in those efforts. Subsequently, Appellant rehired original counsel.

On June 1, 2018, Appellant entered an open plea of guilty at docket 562-2017 to aggravated assault and a plea of nolo contendere to sexual assault. Appellant also entered an open guilty plea at docket 783-2017, to criminal trespass, which the Commonwealth had added to the criminal information with the court's permission. In exchange for Appellant's pleas, the Commonwealth agreed to nolle prosse all remaining charges. Appellant executed a written guilty plea colloquy confirming his pleas were knowing, intelligent, and voluntary. As well, the court conducted an extensive oral plea colloquy to confirm the validity of Appellant's pleas. At the conclusion of the plea hearing, the court accepted the pleas as knowing, intelligent, and

voluntary.

On July 17, 2018, the court sentenced Appellant to an aggregate term of 8 to 16 years' imprisonment, plus 5 years' probation. Appellant timely filed post-sentence motions at docket 562-2017, which the court denied on July 30, 2018. Appellant did not file a direct appeal at either docket number.

Appellant timely filed a pro se PCRA petition at both dockets on July 19, 2019. The court appointed counsel on August 7, 2019, who subsequently filed a petition to withdraw and Turner/Finley "no-merit" letter.[2] On September 16, 2019, the court granted counsel's petition to withdraw. The court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907, on October 11, 2019. Appellant did not respond. The court denied PCRA relief on December 24, 2019. Appellant timely filed a pro se notice of appeal.[3]

_____

[2] See Commonwealth v. Turner, 518 Pa. 491, 544 A.2d 927 (1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

[3] Appellant's notice of appeal was not docketed until January 24, 2020. Nevertheless, the notice of appeal is dated January 16, 2020, and the certificate of service is dated January 17, 2020. Thus, we deem Appellant's notice of appeal timely under the prisoner mailbox rule. See Commonwealth v. Wilson, 911 A.2d 942 (Pa.Super. 2006) (stating document is filed when pro se prisoner hands it to authorities for mailing).

Additionally, we observe that Appellant filed only one notice of appeal listing both underlying trial court docket numbers. Appellant's filing of a single notice of appeal appears to violate Commonwealth v. Walker, 646 Pa. 456, 185 A.3d 969 (2018), in which our Supreme Court held that an appellant must file separate notices of appeal from orders which resolve issues arising at separate trial court docket numbers. Nevertheless, this Court recently held that a breakdown in the operations of the court occurs when the trial court suggests

The PCRA court subsequently appointed appellate PCRA counsel. On January 27, 2020, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied.

Appellant raises two issues for our review:

> Whether the plea proceeding in which…[A]ppellant entered guilty pleas was rendered invalid in that [Appellant] was heavily medicated on antipsychotic tranquilizers and he did not enter the pleas in a sober mind and the [plea c]ourt failed to engage in a sufficient and searching effort to evaluate his competency to enter the guilty pleas?

> Whether…[A]ppellant was induced into entering the guilty pleas in that defense counsel failed to engage in a sufficient and good faith effort to evaluate and present any defense on his behalf including locating and interviewing certain witnesses posed by…[A]ppellant?

(Appellant's Brief at 2).

Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. Commonwealth v. H. Ford, 947 A.2d 1251 (Pa.Super. 2008), appeal denied, 598 Pa. 779, 959 A.2d

_____

that a single notice of appeal from an order listing multiple docket numbers is sufficient to perfect the appeal. See Commonwealth v. Larkin, ___ A.3d. ___, 2020 WL 3869710 (Pa.Super. filed July 9, 2020) (en banc). In those circumstances, the appellate court can overlook an appellant's noncompliance with Walker and decline to quash the appeal. Id. Here, in the order denying PCRA relief, the order lists both underlying trial court docket numbers, and the PCRA court advised Appellant that he had 30 days to file "an appeal" to the Superior Court of Pennsylvania. Under these circumstances, we decline to quash Appellant's appeal for any technical noncompliance with Walker. See id.

- 4 -

319 (2008). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. Commonwealth v. Boyd, 923 A.2d 513 (Pa.Super. 2007), appeal denied, 593 Pa. 754, 932 A.2d 74 (2007). We give no such deference, however, to the court's legal conclusions. Commonwealth v. J. Ford, 44 A.3d 1190 (Pa.Super. 2012). Further, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings. Commonwealth v. Wah, 42 A.3d 335 (Pa.Super. 2012).

In his first issue, Appellant argues he was taking antipsychotic medication at the time he entered his pleas. Appellant acknowledges that the trial court asked Appellant if he was under the influence of any medication that might affect his ability to understand the plea proceedings, but Appellant suggests the court's "minimal engagement" did not satisfy the court's obligation to confirm Appellant was competent and sober. Appellant asserts he was heavily medicated when he entered the pleas and the medication undermined his capacity to enter knowing, voluntary, and intelligent pleas. Appellant maintains that a known side effect of the medication he took is a "trance-like stupor." Appellant insists the court was ostensibly aware of Appellant's significant mental health history, so the court's passing inquiry into Appellant's competency was inadequate. Appellant submits his responses to

the court's colloquy should not be dispositive because Appellant gave the answers while he was impaired. Appellant further suggests the court should have retained an expert to evaluate Appellant's competency.[4] Appellant concludes the court failed to perform a "searching and meaningful" examination of his competency to enter the pleas, and this Court must vacate the order denying PCRA relief and allow Appellant to withdraw the pleas. We disagree.

A guilty plea will be deemed valid if the record demonstrates the defendant had a full understanding of the nature and consequences of his plea such that he knowingly and intelligently entered the plea of his own accord. Commonwealth v. Rush, 909 A.2d 805, 808 (Pa.Super. 2006). A defendant is not required to "be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that his decision to plead guilty be knowingly, voluntarily and intelligently made." Commonwealth v. Moser, 921 A.2d 526, 528-29 (Pa.Super. 2007). A defendant is presumed to be aware of what he is doing when he enters a guilty plea, and the defendant bears the burden to prove otherwise. Commonwealth v. Pollard, 832 A.2d 517, 523 (Pa.Super. 2003). Mere disappointment in the sentence does not constitute the necessary "manifest injustice" to render the defendant's guilty plea

---

[4] Appellant raises this specific claim for the first time on appeal, so we deem it waived. See Pa.R.A.P. 302(a) (explaining issues raised for first time on appeal are waived).

- 6 -

involuntary. Id. at 522. See also Commonwealth v. Kelly, 5 A.3d 370, 377 (Pa.Super. 2010), appeal denied, 613 Pa. 643, 32 A.3d 1276 (2011) (reiterating principle that courts discourage entry of plea as sentence-testing device).

The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Commonwealth v. Hodges, 789 A.2d 764, 765 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the judge is not bound by the terms of the agreement unless he accepts the agreement. Commonwealth v. Watson, 835 A.2d 786, 796-97 (Pa.Super. 2003). "Before accepting a plea of guilty, the trial court must satisfy itself that there is a factual basis for the plea. A factual basis for the plea is universally required." Commonwealth v. Stenhouse, 788 A.2d 383, 384 (Pa.Super. 2001), appeal denied, 569 Pa. 705, 805 A.2d 523 (2002) (internal citations and quotation marks omitted).

Additionally, "nothing in [Rule 590] would preclude the use of a written colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings. This written colloquy would have to be

supplemented by some on-the-record oral examination." Pa.R.Crim.P. 590 Comment. See also Rush, supra (holding defendant entered guilty plea knowingly and voluntarily where he acknowledged in written colloquy that he understood his rights to trial by jury and presumption of innocence, and he confirmed during court's oral examination that he signed written colloquy and understood its contents).

Instantly, the PCRA court addressed Appellant's first issue as follows:

> A review of the transcript from [Appellant's] Guilty Plea Hearing reveals an extensive plea colloquy, on the record, in addition to a signed Statement of Understanding of Rights form reviewed by [Appellant] and counsel. Transcript, Guilty Pleas, pp. 9-10. [Appellant] further denied the need for explanation of his rights, and his waiver of these rights, upon entering his guilty plea. Transcript, Guilty Pleas, p. 11. In addition, the court asked [Appellant], "for each of these counts that you're entering pleas here today, do you feel like you're being pressured or forced or coerced or is anyone promising you anything to enter the plea?" [Appellant] responded, "No." Transcript, Guilty Pleas, p. 14. [Appellant] stated that he was entering these pleas because he was in fact guilty of the charges [except sexual assault, to which he pleaded nolo contendere], that he had enough time to consider the plea, and that he was satisfied with his legal representation of the case. Transcript, Guilty Pleas, pp. 13-14.
>
> [Appellant] also argues that his plea was involuntary because he was heavily medicated on antipsychotic tranquilizers. PCRA Petition of July 19, 2019, p. 7. The court specifically asked [Appellant] "this afternoon are you under the influence of any form of substance, whether it's medication, alcohol, drugs, or anything that would affect your ability to know what you're doing?" [Appellant] responded "I take medication but I'm sober." The court asked "what medication do you take, [Appellant]?" [Appellant] responded "I think its Naproxen." The court then asked "are you taking that today?" [Appellant]

responded "Yeah." The court asked "does it affect your ability to know what you're doing here today?" [Appellant] responded "No. No, Your Honor." The court then reiterated "so, you are entering these [pleas] because, in fact, you're guilty, other than Count Eight?" [Appellant] responded "Yes, Your Honor." Transcript, Guilty Pleas, pp. 14-15.

Neither [Appellant's] PCRA [Petition], nor the guilty plea transcript demonstrate that "manifest injustice" would result or that the plea was "involuntary or given without knowledge of the charge." In fact, [Appellant] engaged in an extensive colloquy, under oath, given by the court, where [Appellant's] answers were definitive. Additionally, a review of the Sentencing Transcript showed no evidence that [Appellant] wished to withdraw his plea. Therefore, [Appellant's] argument is without merit.

(Rule 907 Notice Opinion, filed 10/11/19, at 2-3) (some internal citations omitted). The record supports the court's analysis. See H. Ford, supra; Boyd, supra.

Here, Appellant executed a written plea colloquy confirming his pleas were knowing, intelligent, and voluntary. See Rush, supra. As well, the court engaged in an extensive oral plea colloquy, which set forth the factual bases for Appellant's pleas, and complied with the requirements of Rule 590. See Pa.R.Crim.P. 590; Hodges, supra; Stenhouse, supra. Appellant stated at the plea proceeding that he was taking the medication Naproxen.[5] Appellant did not indicate at the plea proceeding that he was under the

_____

[5] According to www.drugs.com, Naproxen is a nonsteroidal anti-inflammatory drug used to treat pain or inflammation. See https://www.drugs.com/naproxen.html (last visited 9/2/20). A "trance-like stupor" is not listed as one of the known side effects. See id.

influence of any anti-psychotic medication, and he does not identify in his PCRA petition or on appeal which anti-psychotic medication he was allegedly taking at the time of his pleas. The totality of the circumstances demonstrates that Appellant entered his pleas knowingly, intelligently, and voluntarily. See Rush, supra. Therefore, Appellant's first issue merits no relief.

In his second issue, Appellant asserts he was steadfast during all communication with counsel that he was innocent of the crimes charged. Appellant argues counsel "badgered" him to accept the plea agreement. Appellant emphasizes the original deterioration of his relationship with counsel. Appellant contends that after counsel withdrew, the court expected Appellant to proceed pro se because he did not have new counsel. When Appellant's attempts to retain new counsel were unsuccessful due to his incarceration, Appellant claims original counsel met with one of Appellant's family members and "talked his way back" into the case. Appellant insists counsel coerced him to plead guilty to aggravated assault and nolo contendere to sexual assault, notwithstanding Appellant's prior assertions of innocence. Appellant contends counsel failed to engage in "good faith" plea negotiations with the Commonwealth. Given the medication that Appellant was taking, and due to the fact that Appellant had already been incarcerated for 18 months at the time of the plea proceeding, Appellant avers he reluctantly agreed to accept the plea deal. Appellant insists counsel did not ever prepare for trial or interview an eyewitness to the sexual assault. Instead, Appellant submits

counsel was only interested in pursuing a plea deal. Appellant concludes counsel unlawfully induced his guilty plea, and this Court must vacate the order denying PCRA relief and allow Appellant to withdraw his pleas. We disagree.

Pennsylvania law presumes counsel has rendered effective assistance. Commonwealth v. Williams, 597 Pa. 109, 950 A.2d 294 (2008). When asserting a claim of ineffective assistance of counsel, the petitioner is required to demonstrate: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and, (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326 (1999). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. Williams, supra.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." Moser, supra at 531. "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Id.

Instantly, the PCRA court addressed this claim as follows:

> [Appellant] has failed to prove counsel was ineffective by a preponderance of the evidence, and this claim is also without merit. A review of the docket reveals that counsel filed Omnibus Pre-trial Motions at both dockets; a Post-

> Sentence Motion at docket 562 of 2017 was filed eight days after [Appellant] was sentence[d], and [Appellant] responded that he was satisfied with his representation during his guilty plea colloquy. Transcript, Guilty Pleas, p. 14.

(Rule 907 Notice Opinion at 3). The record supports the court's analysis. See H. Ford, supra; Boyd, supra.

Here, the record shows Appellant retained private counsel shortly after the Commonwealth filed the charges against him. Counsel filed omnibus pre-trial motions at both underlying trial court dockets, including a motion for habeas corpus relief at docket 783-2017. Counsel also pursued DNA testing, and filed several motions for continuances due to ongoing plea negotiations with the Commonwealth and while the parties were awaiting the results of the DNA testing. In December 2017, counsel moved to withdraw at Appellant's request, claiming the attorney/client relationship had deteriorated. The court held a hearing on the motion, during which the topic of the ongoing plea negotiations came up. Significantly, when the court asked Appellant if he wanted to proceed to trial instead of entering a plea, Appellant stated: "I mean, if they give me a good enough plea bargain, I'll take the plea bargain, but…" (N.T. Hearing, 12/8/17, at 3). Appellant clarified, however, that he would not plead guilty to sexual assault because he was innocent of that crime. (See id.). At the conclusion of the hearing, the court let counsel withdraw and told Appellant he could retain new private counsel, apply for appointed counsel, or proceed pro se.

After Appellant was unsuccessful in his attempts to retain new private counsel, Appellant rehired original counsel. On June 1, 2018, Appellant entered an open plea of guilty at docket 562-2017 to aggravated assault and a plea of nolo contendere to sexual assault. The court explained to Appellant that by his nolo contendere plea, Appellant was not admitting his guilt to sexual assault, but he was not contesting the weight of the Commonwealth's evidence against him. Appellant also entered an open guilty plea at docket 783-2017, to criminal trespass, which the Commonwealth had added to the criminal information with the court's permission. In exchange for Appellant's pleas, the Commonwealth agreed to nolle prosse all remaining charges. Appellant confirmed during the plea hearing that no one had pressured or coerced him into entering the pleas, and that he was satisfied with counsel's representation.

Nothing in the record supports Appellant's claim that counsel unlawfully induced him to enter the guilty/nolo contendere pleas. See Moser, supra. Further, the record belies Appellant's contention that counsel took no action to prepare for trial and sought only to pursue a plea deal. Although Appellant claims counsel failed to interview an eyewitness to the sexual assault, Appellant does not identify this individual by name, indicate if counsel was aware of this person's existence, state whether the person was available and willing to testify in Appellant's defense, or summarize the substance of this person's observations. For all of these reasons, Appellant's ineffectiveness

claim fails.  See Williams, supra.  Accordingly, we affirm the order denying

PCRA relief.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/15/2020